IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff | ) |
| v. | ) Case No.: 8:25-cv-00551-JSM-CPT |
| | ) |
| FREE SPEECH FOUNDATION, INC. D/B/A AMERICA'S FRONTLINE DOCTORS, SIMONE GOLD, KEVIN JENKINS, and TRENT LOOS | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendants | )<br>) |

**Philadelphia Indemnity Insurance Company's Response in Opposition to Defendants' Motion for Partial Summary Judgment, Including Response to Defendants' Statement of Facts, Statement of Additional Facts, and Memorandum of Law**

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") hereby responds in opposition to the Defendants Free Speech Foundation Inc. d/b/a American Frontline Doctors ("AFLDS") and Dr. Simone Gold's ("Gold") (collectively "Gold/Gold AFLDS") Motion for Partial Summary Judgment. (ECF 118.)

1

## I.   Introduction

The Gold/Gold AFLDS Defendants[1] fail to meet their burden for partial summary as they seek summary judgment on relief that PIIC has never sought in this action. The Gold /Gold AFLDS's motion asks this court to grant partial summary judgment on a purportedly "abandoned receivership request". However, PIIC has never requested this Court to appoint a receiver for AFLDS.

## II.   PIIC's Response to the moving Defendants' Statement of Material Facts ("SOF")

1. PIIC denies SOF No. 1. PIIC is not requesting appointment of a receiver over AFLDS in this declaratory judgment action. Complaint. (ECF 1.)

2. PIIC admits that it stated that it is not requesting this Court to appoint a receiver over AFLDS in its response to the Gold/Gold AFLDS's motion to dismiss. (ECF 25, PageID# 95.)

3. PIIC objects to SOF No. 3, as it is cannot be presented in a form that would be admissible in evidence. Subject to and without waiving said objection, PIIC does not dispute that its undersigned counsel sent the December 5, 2025 e-mail to all of the Defendants' counsel.

4. PIIC objects to SOF No. 4 as it cannot be presented in a form that would be admissible in evidence. Subject to and without waiving said objection,

---

[1] The Gold /Gold AFLDS Defendants are also referred to in this Response as the "moving Defendants".

2

PIIC admits only that its counsel had a phone call on December 8, 2025 with Gold/AFLDS's counsel and confirmed that PIIC has never sought a receivership for AFLDS in this action, but denies the remainder of SOF No. 4.

5. PIIC objects to SOF No. 5 as it cannot be presented in a form that would be admissible in evidence. Subject to and without waiving said objection, PIIC admits only that it filed a motion to strike the defendants' motion for summary judgment (which was granted) but denies the remainder of SOF No. 5.

6. PIIC objects to SOF No. 6 as it cannot be presented in a form that would be admissible in evidence. Subject to and without waiving said objection, PIIC admits only that Defendants filed a Motion for Partial summary judgment, but denies the remainder of SOF No. 6.

7. PIIC objects to SOF No. 7 as it cannot be presented in a form that would be admissible in evidence. Subject to and without waiving said objection, PIIC denies SOF No. 7.

### III. PIIC's Statement of Material Fact

1. On April 15, 2025, the Gold/Gold AFLDS filed a motion to dismiss PIIC's Complaint seeking in part to dismiss PIIC's claim for a declaratory judgment on the ground that PIIC was purportedly seeking a receivership over AFLDS. (ECF 23, PageID# 79-84.)

2. In its response to the Gold/Gold AFLDS's motion to dismiss, PIIC denied that it was requesting this Court to appoint a receiver over AFLDS. (ECF 25, PageID# 95.)

3. On May 20, 2025, this Court denied the Gold /Gold AFLDS Defendants' Motion to Dismiss. (ECF 33.)

4. PIIC has continued to state on the record in this case that it is not requesting the appointment of a receivership over AFLDS. (PIIC's Response in Opposition to Defendant AFLDS's Motion for Leave to Exceed Page Limits, November 20, 2025, ECF 98.)

5. Attorneys for two competing groups of the Defendant AFLDS have filed appearances and responsive pleadings in the case. (ECF 18, ECF 27, ECF 30, ECF 48.)

6. It is disputed as to which individuals, if any, have a right to control the Defendant AFLDS. (ECF 30, ECF 48.)

## IV. Legal Standards

In *Vita v. Tournai*, No. 8:23-cv-2635-KKM-AEP, 2025 U.S. Dist. LEXIS 123868 * 11-12 (M.D. Fla. June 30, 2025) the district court explained the summary judgment standard as follows:

> Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548, 91 L. Ed. 2d 265 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *See Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Further, under Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1247 (M.D. Fla. 2011). "Generally, evidence inadmissible at trial may not be considered on a motion for summary judgment." *Id.* (quoting *Ekokotu v. Federal Exp. Corp.*, 408 Fed. App'x. 331, 335 (11th Cir. 2011)).

## V.     Memorandum Of Law

PIIC requests four separate claims for declaratory relief in its Complaint. (ECF 1.)  The Gold/Gold AFLDS motion only pertains to Count 1 and the moving Defendants argue that PIIC's Complaint "unambiguously" seeks appointment of a receiver over AFLDS in Count 1. (Motion p. 4.)  This is incorrect, and the record shows the opposite of what Gold/ Gold AFLDS assert in their motion.  The record shows that there is no genuine issue of material fact that PIIC has never sought a receivership over AFLDS.

It is telling that the Gold/Gold AFLDS's motion avoids quoting the entire request for declaratory relief in Count 1 of PIIC's Complaint.[2] A reading of the entire prayer for relief in Count 1 shows that PIIC is not requesting this court to appoint a receiver over AFLDS. The entire request for declaratory relief in Count 1 of PIIC's Complaint is as follows:

> Wherefore, PIIC seeks a declaration from this Court that no person presently controls AFLDS and it would be proper for a Court of competent jurisdiction to appoint a receiver for AFLDS at the request of any person with an interest that result. (ECF 1, PageID# 9.)

Read as a whole, the request for relief in Count 1 of the Complaint does not request this Court to appoint a receiver over AFLDS. Instead, Count 1 seeks a declaration from this Court that no person presently controls AFLDS.[3] If that is the case, then it would be proper for a Court of competent jurisdiction to appoint a receiver at the request of any person with an interest in that result. The Gold/Gold AFLDS are attempting to create an ambiguity where none exists.

Further, the issue as to whether PIIC is, or is not, requesting this court to appoint a receiver for AFLDS was already raised early in this case by the Gold/Gold AFLDS Defendants in their motion to dismiss. (ECF 23, PageID# 79-84.) It is undisputed that PIIC stated in its response to the motion to dismiss that

---

[2] Notably, the Gold/Gold AFLDS Defendants took the same approach in their Motion to Dismiss PIIC's Complaint (ECF 23, PageID # 79-80).

[3] The Gold/AFLDS Defendants did not move for summary judgment on this part of the prayer for relief in Count 1.

6

it was not seeking an appointment of a receiver over AFLDS. (ECF 25.) The dispute as to whether PIIC was seeking a receiver was resolved when this court issued its ruling denying the moving Defendants' motion to dismiss on May 20, 2025. (ECF 33.) As such, the Gold /Gold AFLDS Defendants cannot meet their burden to show that they are entitled to judgment as a matter of law on the receivership issue.

The Gold/Gold AFLDS Defendants rely on only two cases in support of their Motion. Neither of these cases stand for the propositions for which they are being relied upon in the Motion, and neither of the cases support granting partial summary judgment in favor of the moving Defendants.

First, the moving Defendants rely on *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995) for the proposition that "[w]here a party expressly disavows a claim or requested relief, the claim is deemed abandoned and may be resolved on summary judgment." (Motion p. 4.) However, *Resolution Tr. Corp.* does not support the moving Defendants' position. In *Resolution Tr. Corp.*, the appellant sought review of the granting of summary judgment in favor of the appellee in a breach of contract and tort action. 43 F.3d at 590. The appellate court found that one of the arguments the appellant raised before the district court had not been pursued on appeal "and thus is deemed abandoned." 43 F.3d at 591. The court further found that the appellant was raising several arguments on appeal for the first time "that were not fairly presented to the district court." 43 F.3d at 590.

7

The court found that it is well settled that arguments not raised at the district court level will generally not be considered on appeal. 43 F.3d at 598 (citation omitted). The court stated that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." 43 F.3d at 599 (citation omitted). The appellate court proceeded to decline to exercise its discretion to entertain arguments that were "not fairly presented to the district court" and affirmed the district court's ruling. 43 F.3d at 599.

*Resolution Tr. Corp.* is off point. The facts of *Resolution Tr. Corp.* are significantly different from the present case and the moving Defendants fail to explain how the ruling in *Resolution Tr. Corp.* supports granting partial summary judgment in their favor. Further, the Gold/Gold AFLDS Defendants cannot show that PIIC has disavowed a claim or requested relief in this action, as PIIC has never sought a receivership over AFLDS.

Second, the Gold/Gold AFLDS Defendants rely on *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004) to support the position that "[a] party may not alter or abandon a theory through correspondence or argument while leaving it live in their pleading." (Motion p. 5.) However, the central issue in *Gilmour* was whether a non-moving party may raise a new legal claim for the first time in response to the opposing party's motion for summary judgment. *Gilmour*, 382 F.3d at 1313. The issue of altering or abandoning claims alleged in a

8

complaint was not before the appellate court. Moreover, the moving Defendants cannot show that PIIC has abandoned or altered its theory of this case, because, as is stated above, PIIC has never sought a receivership over AFLDS.

Finally, the Gold/Gold AFLDS Defendants cite to Fed. R. Civ. P. 11 in their motion, but fail to explain how Rule 11 is applicable or how it supports granting partial summary judgment in their favor. (Motion p. 7.) In addition, nothing in Rule 11 supports granting partial summary judgment in favor of the Gold/Gold AFLDS Defendants.

## VI.   Conclusion

Here, the Gold/Gold AFLDS Defendants cannot meet their burden to show that they are entitled to partial summary judgment in their favor as the record shows that PIIC has never requested that this court appoint a receiver for AFLDS. As such, the Gold/Gold AFLDS Defendants' motion for partial summary judgment should be denied.

Respectfully Submitted,

*Attorneys for Plaintiff,*
*Philadelphia Indemnity Insurance Company*

By: */s John C. De Koker III*
John C. De Koker III (*Pro Hac Vice*)
(lead counsel)
**COPE EHLERS, P.C.**
135 S. LaSalle Street, Suite 3050
Chicago, IL 60603
Tel: (312) 549-9384
jdekoker@copeehlers.com

Valerie Shea
Florida Bar No. 436800
**GOLDBERG SEGALLA LLP**
801 Brickell Avenue, 8th Floor
Miami, Florida  33131
Mailing Address:
Post Office Box 607
Buffalo, NY 14201
Telephone No. 786-814-4813
vshea@goldbergsegalla.com

I HEREBY CERTIFY that, on December 18, 2025, I electronically filed this Response in Opposition to the Defendants Free Speech Foundation Inc. d/b/a American Frontline Doctors and Dr. Simone Gold's Motion for Partial Summary Judgment with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: */s John C. De Koker III*